IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| RONDA L. ACOSTA, | : | Case No. 2:05 CV 846 DAK |
| Plaintiff, | : | |
| vs. | : | ORDER AND MEMORANDUM DECISION |
| DEVONA D. CAPLES, and DOES 1-3, | : | JUDGE DALE A. KIMBALL |
| Defendants. | | MAGISTRATE JUDGE BROOKE C. WELLS |

Plaintiff, Ronda L. Acosta, has filed a pro se complaint seeking the removal of "Mrs. Caples as executrix of the estate of the late George W. Phillips pursuant to Arkansas Probate code."[1] Acosta alleges numerous violations of Arkansas law but fails to mention any violation of federal or Utah law.[2] Based upon the record before the court, the court finds that it is unclear whether this case is properly before this court. Accordingly, Acosta is hereby ordered to file with the court within 30 days

---

[1] See Pla.'s Complaint p. 5.

[2] See id. p. 2-5.

from the entry of this order, a memorandum stating the specific reasons why this court has jurisdiction and why this court, and not a court located in Arkansas, is the appropriate venue for this case.

As a civil litigant Acosta has no constitutional right to counsel.[3] Because Acosta has no right to counsel and fails to convince the court that there is sufficient merit to her claim the court DENIES Acosta's Motion for Appointment of Counsel.

"The burden is upon the applicant to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[4] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] In considering these factors, the court concludes that (1) it is not clear yet whether Plaintiff has asserted a colorable claim; (2) the issues involved are not complex; and (3)

---

[3] See Moomchi v. Univ. of N.M., No. 95-2140, 1995 WL 736292, at *3 (10th Cir. Dec. 8, 1995) (unpublished); Carper v. DeLand, 54 F.3d 613, 616 (10th Cir. 1995); Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987).

[4] McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).

[5] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995) (quoting Williams, 926 F.2d at 996); accord Moomchi, 1995 WL 736292, at *3; McCarthy, 753 F.2d at 838-39.

Plaintiff is not incapacitated or otherwise unable to adequately pursue this matter.  Therefore, the court DENIES Acosta's Motion for Appointment of Counsel.  However, if this case is found to have merit, and if it appears that counsel will be needed, the court may ask an attorney to appear pro bono on her behalf.

In similar fashion, the court DENIES Acosta's Motion for Service of Process.  At this time it is entirely unclear that the court has proper jurisdiction over this case.  Given the fact that Acosta's allegations rely solely upon Arkansas law it may well be that this case should be filed in an Arkansas court.  After the court has considered Acosta's memoranda concerning jurisdiction and proper venue then the court may consider a Motion for Service of Process.[6]

IT IS SO ORDERED.

DATED this   17th   day of October, 2005.

BY THE COURT:

BROOKE C. WELLS
United States Magistrate Judge

---

[6] See 28 U.S.C.A. § 1915 (West 2003).